UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITEDHEALTHCARE INSURANCE COMPANY, § § § Plaintiff, § § v. § § QUALITY METRICS PARTNERS, § LLC, § § Defendant. § | § § § § § § § § § § § § | CIVIL ACTION NO. 3:22-CV-0764-B |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff UnitedHealthcare Insurance Company (UHIC)'s Motion for Default Judgment (Doc. 11). For the following reason, the Court **GRANTS IN PART** and **DENIES IN PART** UHIC's motion.

### I.

### BACKGROUND[1]

This is a motion for default judgment for unpaid insurance premiums. UHIC issued four group policies to Defendant Quality Metrics Partners, LLC (Defendant), which went into effect on November 1, 2018. Doc. 11, Mot., ¶ 4. In exchange for UHIC providing "insurance coverage to the eligible employees of Defendant," Defendant agreed to "pay monthly premiums." *Id.* Due to "Defendant's failure to remit premiums," the policies "were cancelled effective January 2, 2020." Doc. 6, Am. Compl., ¶ 1. The remaining balance owed for unpaid premiums is $101,143.50. *Id.; see*

---

[1] The Court draws the following factual account from Plaintiff's Amended Complaint (Doc. 6) and Plaintiff's Motion for Default Judgment (Doc. 11).

Doc. 11-2, Cirillo Aff., ¶ 3.

UHIC filed a complaint against Defendant on April 5, 2022, to recover the full amount of unpaid premiums owed. *See* Doc. 1, Compl. UHIC amended its complaint on April 18, 2022, bringing claims for breach of contract, unjust enrichment, and quantum meruit. *See* Doc. 6, Am. Compl., ¶¶ 9–24. Defendant was served on May 16, 2022. *Id.*; Doc. 7, Return of Summons. To date, Defendant has not answered or otherwise made an appearance in this case. On June 17, 2022, UHIC requested that the clerk enter default, which the clerk did on June 21, 2022. *See* Doc. 9, Pl's Req.; Doc. 10, Entry of Default. UHIC moved for default judgment on July 15, 2022. Doc. 11, Mot. Defendant failed to respond, and the time to do so has passed. Accordingly, the Court now considers the motion for default judgment.

## II.

## LEGAL STANDARD

Federal Rule of Civil Procedure 55 provides for the entry of default judgments in federal court. According to Rule 55, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, . . . the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Once default has been entered, the court may enter a default judgment against the defaulting defendant upon motion of the plaintiff. Fed. R. Civ. P. 55(b).

"Default judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989) (footnote omitted). "A party is not entitled to a default judgment" merely because "the defendant is technically in default." *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996). "Rather, a default judgment is generally committed to the discretion of the district court."

*United States v. 1998 Freightliner Vin #: 1FUYCZYB3WP886986*, 548 F. Supp. 2d 381, 384 (W.D. Tex. 2008) (citing *Mason v. Lister*, 562 F.2d 343, 345 (5th Cir. 1977)).

In determining whether a default judgment should be entered against a defendant, courts have developed a three-part analysis. *See, e.g., id.* First, courts consider whether the entry of default judgment is procedurally warranted. *See Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998). The factors relevant to this inquiry include:

> [1] whether material issues of fact are at issue, [2] whether there has been substantial prejudice, [3] whether the grounds for default are clearly established, [4] whether the default was caused by a good faith mistake or excusable neglect, [5] the harshness of a default judgment, and [6] whether the court would think itself obliged to set aside the default on the defendant's motion.

*Id.*

Second, courts assess the substantive merits of the plaintiff's claims and determine whether there is a sufficient basis in the pleadings for the judgment. *See Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) (noting that "default is not treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover"). In doing so, the Court is to assume that the defendant admits all well-pleaded facts in the plaintiff's complaint. *Id.* However, "[t]he defendant is not held to admit facts that are not-well pleaded or to admit conclusions of law." *Id.*

Third, courts determine what form of relief, if any, the plaintiff should receive. *Ins. Co. of the W. v. H & G Contractors, Inc.*, 2011 WL 4738197, at *4 (S.D. Tex. Oct. 5, 2011) ("A defendant's default concedes the truth of the allegations of the Complaint concerning the defendant's liability, but not damages." (citing *Jackson v. FIE Corp.*, 302 F.3d 515, 521, 524–25 (5th Cir. 2002))). Normally, damages are not to be awarded without a hearing or a demonstration by detailed affidavits

establishing the necessary facts. *See United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979). However, if the amount of damages can be determined with mathematical calculation by reference to the pleadings and supporting documents, a hearing is unnecessary. *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993).

## III.

## ANALYSIS

First, the Court finds that entry of default judgement is procedurally warranted. Next, considering the substance of the claims, the Court finds a sufficient basis in the pleadings for entry of judgment on UHIC's breach-of-contract claim and grants the motion for that claim. Because UHIC states a claim for breach of contract, the Court denies default judgment on UHIC's unjust enrichment and quantum meruit claims. Then, the Court discusses why it cannot award damages or attorneys' fees based on the pleadings and supporting affidavits. However, the Court grants UHIC leave to supplement its motion to support its prayer for relief and application for attorney's fees.

A.   *Default Judgment Is Procedurally Warranted*

After considering the six *Lindsey* factors, the Court determines that default judgment is procedurally warranted. *See Lindsey*, 161 F.3d at 893. First, because Defendant has not filed any responsive pleadings, there are no material facts in dispute. *Nishimatsu*, 515 F.2d at 1206 ("The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact."). Second, Defendant's "failure to respond threatens to bring the adversary process to a halt, effectively prejudicing [UHIC's] interests." *See H & G Contractors,* 2011 WL 4738197, at *3. Third, the grounds for default are "clearly established," as Defendant has not responded to the summons and complaint, the entry of default, or the motion over the past three months. *See J.D. Holdings, LLC v.*

*BD Ventures, LLC*, 766 F. Supp. 2d 109, 113 (D.D.C. 2011) ("Default judgment is appropriate if defendant[ ] [is] 'totally unresponsive' and the failure to respond is 'plainly willful, as reflected by [the party's] failure to respond either to the summons and complaint, the entry of default, or the motion for default judgment.'" (citation omitted)). Fourth, there is no evidence that Defendant's silence is the result of a "good faith mistake or excusable neglect." *Lindsey*, 161 F.3d at 893. Fifth, Defendant's complete failure to respond "mitigat[es] the harshness of a default judgment." *See John Perez Graphics & Design, LLC v. Green Tree Inv. Grp., Inc.*, 2013 WL 1828671, at *3 (N.D. Tex. May 1, 2013). Finally, the Court is unaware of any facts giving rise to "good cause" to set aside the default if challenged by Defendant. *See Lindsey*, 161 F.3d at 893. Therefore, the Court concludes that the procedural requirements for granting default judgment are met.

B.      *Default Judgment Is Substantively Warranted for the Breach-of-Contract Claim*

Defendant, "by his default, admits the plaintiff's well-pleaded allegations of fact." *Nishimatsu*, 515 F.2d at 1206. To determine whether a plaintiff's motion for default judgment is "well-pleaded" or "sufficient," the Fifth Circuit draws "meaning from the case law on" Rule 8(a)(2), requiring "a pleading to contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 498 (5th Cir. 2015). "The purpose of this requirement is "to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

In a diversity case such as this one, the court must apply state substantive law. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 80 (1938); *Ashland Chem. Inc. v. Barco Inc.*, 123 F.3d 261, 265 (5th Cir. 1997). In order to recover for breach of contract under Texas law, a plaintiff must prove: "(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach

of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach." *Smith Int'l, Inc. v. Egle Grp., LLC*, 490 F.3d 380, 387 (5th Cir. 2007) (citing *Valero Mktg. & Supply Co. v. Kalama Int'l*, 51 S.W.3d 345, 351 (Tex. App.—Houston [1st Dist.] 2001, no pet.)).

UHIC states a claim for breach of contract. First, UHIC alleges that a valid contract exists by pleading that it issued four group insurance policies for Defendant's employees, which were in effect from November 1, 2018, until January 2, 2020. Doc. 6, Am. Compl., ¶¶ 1, 7; Doc. 11, Mot., ¶¶ 4–5. Second, UHIC alleges performance by the plaintiff by pleading that it provided insurance coverage to Defendant's eligible employees. Doc. 6, Am. Compl., ¶¶ 1, 7; Doc. 11, Mot., ¶ 4. Third, UHIC claims that in exchange for insurance coverage, Defendant agreed to pay monthly premiums, but Defendant breached the agreement by failing to remit the agreed-upon monthly premiums. Doc. 6, Am. Compl., ¶ 1; Doc. 11, Mot., ¶ 4. Fourth, UHIC alleges damages by claiming that effective January 2, 2020, and thereafter, Defendant owes a remaining balance for unpaid premiums of $101,143.50. Doc. 6, Am. Compl., ¶ 1. To evidence the foregoing allegations, UHIC has offered a sworn affidavit from its Director of Credit Risk, Paul J. Cirillo (Cirillo). *See* Doc 11-2, Cirillo Aff.

UHIC's allegations of (1) a valid contract, (2) performance by itself, (3) breach by Defendant, and (4) damages sustained by the unpaid premiums provide a sufficient basis for the breach-of-contract claim against Defendant. Therefore, the Court **GRANTS** UHIC's motion for default judgment on its breach-of-contract claim. Because the Court grants the motion on this basis, it **DENIES** default judgment on UHIC's quasi-contractual claims. *See Fortune Prod. Co. v. Conoco, Inc.*, 52 S.W.3d 671, 685 (Tex. 2000) ("The written contracts in this case foreclose any claims for unjust enrichment."); *In re Kellogg Brown & Root, Inc.*, 166 S.W.3d 732, 740 (Tex. 2005) ("A party generally cannot recover under *quantum meruit* when there is a valid contract covering the services

or materials furnished.").

C.  *The Court Is Unable to Calculate Damages With Certainty*

"After a default judgment, the plaintiff's well-pleaded factual allegations are taken as true, except regarding damages." *United States v. Shipco Gen.*, 814 F.2d 1011, 1014 (5th Cir. 1987) (citations omitted). UHIC seeks (1) actual damages in the amount of $101,143.50, (2) pre- and post-judgment interest, and (3) attorneys' fees and costs. *See* Doc. 6, Compl., § V (Prayer). UHIC supports its request for actual damages by attaching Cirillo's affidavit and an affidavit from one of UHIC's attorneys, Matthew B. Skidmore. *See* Doc 11-2, Cirillo Aff.; Doc. 11-1, Skidmore Aff. UHIC fails to attach the actual agreement and/or policies, any records of the agreement, or any invoices. *See Henson v. Young 3, LLC*, 2015 WL 356890, at *4 (N.D. Tex. Jan. 28, 2015) (holding that even if able to grant a default judgment, the court would be reluctant to award plaintiff damages when plaintiff provided nothing more than "declarations in support").

Without the actual agreement, records, or invoices, the Court cannot calculate damages with certainty. *See Freeman*, 605 F.2d at 857. Therefore, UHIC is **GRANTED** leave to supplement its motion for default judgment to document its actual damages.

D.  *The Court Is Unable to Calculate Reasonable Attorneys' Fees and Costs*

"Under Texas law, when a prevailing party in a breach[-]of[-]contract suit seeks fees, an award of reasonable fees is mandatory, as long as there is proof of reasonable fees. *Mathis v. Exxon Corp.*, 302 F.3d 448, 462 (5th Cir. 2002) (citing Tex. Civ. Prac. & Rem. Code Ann. § 38.001(8)). In determining reasonable attorneys' fees, the Fifth Circuit applies a two-step procedure. *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 323–24 (5th Cir. 1995) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). The district court must first "determine the reasonable number of hours expended

on the litigation and the reasonable hourly rates for the participating lawyers." *Id.* at 324. "Then, the district court must multiply the reasonable hours by the reasonable hourly rates." *Id.* (citing *Blum v. Stenson*, 465 U.S. 886, 888 (1984) (defining base fee to be product of reasonable hours and reasonable rate)). The applicant bears the burden of establishing a reasonable number of hours expended and proving that billing judgment was exercised. *Saizan v. Delta Concrete Prods. Co.*, 448 F.3d 795, 799 (5th Cir. 2006) (citation omitted). Next, the Court can increase or decrease the lodestar amount based on the factors enumerated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974).[2] The fee applicant has the burden to demonstrate the reasonableness of the attorneys' fees and the need for any adjustment or enhancement under the *Johnson* factors. *See Blum*, 465 U.S. at 901–02.

UHIC seeks "attorneys' fees in the amount of $2,586.50 and costs in the amount of $499.00, totaling $3,085.50" and supports its request with an affidavit from one of its attorneys, Matthew B. Skidmore. Doc. 11-1, Skidmore Aff., ¶¶ 6, 9. Skidmore swears that the hourly rates charged "in this case are reasonable" and that Plaintiff's counsel "made a concerted effort to complete all tasks in the case to minimize any duplication of effort" but provides no evidence of how many hours he or others spent on litigation, nor his or others' hourly rates, nor the specific costs sought. *Id.* ¶¶ 7–13.

This Court has a "duty to examine the application for noncompensable hours" and rely on

---

[2] These factors include: (1) the time and labor required to litigate the case, (2) the novelty and difficulty of the questions involved, (3) the skill required to litigate the case, (4) whether taking the case precluded the attorney from other employment, (5) the customary fee for similar work in the community, (6) the fee or percentage of recovery the attorney quoted to the client, (7) whether the client or case required expedited legal work, (8) the amount involved and results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the attorney-client relationship, and (12) awards made in similar cases. *Johnson*, 488 F.2d at 717–19. However, the lodestar necessarily "subsumes" some Johnson factors. *See Hensley*, 461 U.S. at 434 n.9. The Court may not consider the "subsumed" factors when considering whether to enhance or reduce the lodestar under the *Johnson* factors. *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 553 (2010).

evidence that is "adequate to determine reasonable hours" before awarding reasonable attorneys' fees. *Gagnon v. United Technisource, Inc.*, 607 F.3d 1036, 1044 (5th Cir. 2010) (citation omitted). Until UHIC has supplemented its motion for default judgment with more detailed evidence, this Court cannot assess the reasonableness of fees and costs. Therefore, UHIC is **GRANTED** leave to supplement its motion with additional documentation in support of its application for attorneys' fees and costs.

## IV.
## CONCLUSION

For the foregoing reasons, the Court **DENIES** UHIC's Motion for Default Judgment on its unjust enrichment claim and its quantum meruit claim. The Court **GRANTS** UHIC's Motion for Default Judgment on its breach-of-contract claim. The Court **DEFERS JUDGMENT** as to damages, costs, and fees, and **GRANTS** UHIC leave to supplement its Motion for Default Judgment to support its prayer for relief and application for attorneys' fees and costs. It is **FURTHER ORDERED** that UHIC may supplement its Motion for Default Judgment within **TWENTY-ONE (21)** days of the date of this Order.

SO ORDERED.

SIGNED: August 22nd, 2022.

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE